**IN THE CIRCUIT COURT OF THE 13th JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

**LOUIDOR LOUIS,**

**Plaintiff,**

**vs.**

**LASERSHIP, INC.,**

**Defendant.**

**_________________________________/**

**CASE No.:**

## COMPLAINT

COMES NOW, The Plaintiff, LOUIDOR LOUIS, (hereinafter "Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, hereby files this Civil Action against Defendant, LASERSHIP, INC., (hereinafter "Defendant" or "employer"), alleging violations of the Florida Civil Rights Act and hereby challenges Defendant's continuing policy, pattern and practice of discrimination against Plaintiff's protective class with respect to performance evaluations, pay, promotions, and other terms and conditions of employment.

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of attorneys' fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.
2. Plaintiff is a Black Haitian Male, he was and continues to be, a resident of Hillsborough County, Florida, and was an employee of Defendant, performing duties as a qualified personnel for the Defendant, within a company operated business facility, located in Hillsborough County Florida.

3. Plaintiff is and was at all times material a member of a protected class under the Florida Civil Rights Act as a result of his Race, National Origin, and Color; Black and Haitian.
4. Defendant is a last-mile delivering company, duly authorized to conduct business in the State of Florida.
5. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.
6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla Stat. Section 760.01, *et seq.*
7. Venue is proper in Hillsborough County, Florida, pursuant to Fla. Stat. Section 47.011, and Section 47.051, because all of the actions complained of herein occurred within the jurisdiction of the Thirteenth Judicial Circuit, In and for Hillsborough County, Florida.
8. Plaintiff has exhausted his administrative remedies by filing a timely charge with the appropriate agency.
9. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.
10. Pursuant to Florida Statute Section 760.11(1), for all charges of discrimination filed after January 1, 2017, the filing of a discrimination charge with the Equal Employment Opportunity Commission or with a local fair employment practices agency, vest the Florida Commission On Human Relations with jurisdiction with respect to that charge.

11. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

12. Plaintiff was discriminated against by the Defendant based on his Race, National Origin, and Color.
13. Plaintiff began working for the Defendant, on or about January 1, 2017, as a Freight Coordinator.
14. During the relevant time period, Plaintiff was subjected to different terms and conditions of employment because of his Race, National Origin, and Color.
15. On April 20, 2023, Plaintiff was assaulted at work by a White Cuban Male, named Mario. Mario spit on Plaintiff's face, called Plaintiff "son of the Devil", and later kicked Plaintiff.
16. Mario threatened to kill Plaintiff and stab him with a knife later that day.
17. Plaintiff reported this incident on April 21, 2023, to his supervisor Robert Solis, (White Hispanic), who proceeded to suspend him.
18. On May 17, 2023, Plaintiff arrived at work and his supervisor, Erick pulled him into an office and told Plaintiff to sign documents that were illegible to Plaintiff, since he could not read English.
19. Plaintiff explained this issue to Erick, despite this, he was still attempting to force Plaintiff to sign the document. Plaintiff refused to sign the documents.
20. Erick then terminated Plaintiff on that same date in retaliation to Plaintiff's complaints of discriminatory and hostile treatment.

21. Throughout Plaintiff's employment he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times Plaintiff performed his job at satisfactory or above-satisfactory levels. Any reason proffered by his employer for the adverse employment actions is mere pretext for unlawful discrimination.

## COUNT I
### *DISCRIMINATION BASED ON RACE, NATIONAL ORIGIN, and COLOR IN VIOLATION OF THE FCRA*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 of this Complaint as if set out in full herein.
23. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, national origin, racial considerations, or color-based reasons.
24. The Plaintiff possessed the requisite qualifications and skills to perform the position for The Defendant.
25. The Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated non-Black employees were allowed opportunities not given to Plaintiff due to Plaintiff's race and color.
26. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.
27. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment

against The Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and
B. Award Plaintiff as to this count prejudgment interest; and
C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and
D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.
E. Plaintiff demands a trial by jury.

**COUNT II**
***HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE FCRA***

28. Plaintiff re-states and re-establishes all facts and pleadings as alleged in paragraphs no. 1 – 21 of this Complaint.
29. Plaintiff is informed and believes and thereon alleges that, pursuant to applicable law, Defendant is prohibited from failing to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.
30. Defendant violated its duty under the FCRA by failing to take all reasonable measures to prevent their agents, employees and management from creating a hostile work environment.
31. Defendant knew or should have known about the harassment as alleged herein. Defendant was advised on repeated occasions that their agents, employees and management were engaging in conduct in violation or potentially in violation of the FCRA. Despite such knowledge, Defendant failed to take immediate and appropriate corrective action to prevent

the hostile work environment as alleged herein and detailed within Plaintiff's charge of discrimination filed with the EEOC.

32. As a result of Defendant's failure to take all reasonable steps to prevent discrimination and harassment in violation of the FCRA, Plaintiff has suffered and continues to suffer damages, including severe emotional and/or physical distress, the exact amount of which will be proven at trial.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and
B. Award Plaintiff as to this count prejudgment interest; and
C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and
D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.
E. Plaintiff demands a trial by jury.
F. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

## **COUNT III**
## ***RETALIATION BASED ON PLAINTIFF'S PROTECTED CLASSES IN VIOLATION OF THE FCRA***

33. Plaintiff re-states and re-establishes all facts and pleadings as alleged in paragraphs no. 1 – 21 of this Complaint.

34. The Florida Civil Rights Act prohibits an employer from retaliating against an employee for engaging in protected activity under the Act. The law prohibits and addresses employers who punish their employees for properly reporting inappropriate conduct, making the victim even worse off.

35. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

36. The foregoing unlawful actions by Defendant were purposeful.

37. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant ad was the victim of retaliation thereafter, as related in part above.

38. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter, including without limitation his termination.

39. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

40. Plaintiff engaged in protected activity under the Act by complaining to Defendant about the disparate treatment to which Plaintiff was subjected to and by speaking out against

Defendant's failure to hold its own employees accountable for their discriminatory conduct that violates the FCRA.

41. Plaintiff's complaints to management clearly indicated to management that Plaintiff was discriminated against due to Plaintiff's membership in a protected group.

42. Plaintiff opposed, protested, and/or complained of discrimination or any unlawful conduct.

43. The FCRA's opposition clause protects employees, such as Plaintiff, who have opposed unlawful employment practices as detailed herein.

44. Upon information and belief, Defendant was aware of Plaintiff's protected activities.

45. Upon information and belief, Defendant retaliated against Plaintiff for engaging in these protected activities.

46. Defendant's actions have directly and proximately caused Plaintiff loss of income and other financial benefits, and have caused Plaintiff severe emotional distress, pain and suffering, embarrassment, humiliation, indignity, and damage to Plaintiff professional reputation.

47. Upon information and belief, Defendant's conduct was motivated by intentional, discriminatory animus that injured Plaintiff; their conduct was willful and outrageous; and their conduct was aggravated by evil motive, actual malice, or with reckless indifference to Plaintiff's legal rights.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Florida Law.

E. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

F. Plaintiff demands a trial by jury.

48. Plaintiff demands trial by jury as to all issues so triable.

Date: March 13, 2024

Respectfully Submitted,

*/s/ Jorge L. Costa*

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No. 533637
agp@rgph.law
**Jorge L. Costa, Esq.**
Florida Bar No.: 1031513
JCosta@rgph.law
**REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 PONCE DE LEON BLVD
CORAL GABLES, FL 33134
Telephone: (305) 416-5000
*Counsel for Plaintiff*