UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUIDOR LOUIS,

    Plaintiff,

v.                              Case No:   8:24-cv-01264-JLB-AEP

LASERSHIP, INC.,

    Defendant.
_____/

## ORDER

Plaintiff Louidor Louis sues Defendant Lasership, Inc. under the Florida Civil Rights Act of 1992 ("FCRA") for discrimination, hostile work environment, and retaliation. (Doc. 1-1). Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim or, alternatively, moved to strike. (Doc. 12). Plaintiff responded. (Doc. 13). After careful review of the Complaint, the parties' briefing, and the entire record, the Court finds that Plaintiff has not alleged sufficient facts to plead a claim under the FCRA for discrimination, hostile work environment, or retaliation. Accordingly, Defendant's motion to dismiss is **GRANTED**. Plaintiff is afforded the opportunity to file an amended complaint consistent with this Order.

## BACKGROUND

Plaintiff alleges that Defendant violated the FCRA by subjecting him to discrimination based on race, national origin, and color; hostile work environment; and retaliation. (Doc. 1-1). Specifically, Plaintiff alleges that "Mario spit on [his] face, called [him] 'son of the Devil,' . . . kicked [him]" and "threatened to kill Plaintiff

and stab him with a knife." (Doc. 1-1 at ¶¶ 15–16). When Plaintiff reported this to his supervisor, Robert Solis, the next day, Solis suspended him. (Doc. 1-1 at ¶ 17). Following the suspension, a different supervisor, "Erick," asked Plaintiff to sign some documents. (Doc. 1-1 at ¶ 18). Plaintiff refused to sign anything because he "could not read English," so the documents "were illegible to [him]." (Doc. 1-1 at ¶ 18). The same day, Erick terminated Plaintiff. (Doc. 1-1 at ¶ 20).

Plaintiff contends that he suffered damages as a result of these FCRA violations.[1] (Doc. 1-1 at 9–10, 12–13). Defendant filed a Motion to Dismiss Plaintiff's Complaint or, alternatively, a Motion to Strike. (Doc. 12). Plaintiff responded. (Doc. 13).

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "labels

---

[1] Plaintiff timely dual-filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). (Doc. 1-1 at ¶¶ 9–10; Doc. 12-1). Plaintiff alleges that "[a]ll conditions precedent for the filing of this action . . . have indeed been previously met." (Doc. 1-1 at ¶ 11); *see Hazel v. Sch. Bd. of Dade Cnty., Fla.*, 7 F. Supp. 2d 1349, 1356 (S.D. Fla. 1998) (finding that plaintiff met requirements because she "allege[d] that she ha[d] complied with all conditions precedent to bringing this claim").

and conclusions" are insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

## DISCUSSION

Plaintiff brings three claims under the FCRA: (1) discrimination based on race, national origin, and color; (2) hostile work environment; and (3) retaliation. (Doc. 1-1).[2] Defendant argues that—for all claims—Plaintiff has failed to sufficiently state a claim for which relief can be granted because the allegations are "vague" and "conclusory." (Doc. 12 at 5, 10, 12, 14–15, 20). The Court agrees.

**I.  The Complaint does not adequately allege discrimination under the FCRA.**

Plaintiff first alleges that he suffered discrimination under the FCRA because of his race, national origin, and color. (Doc. 1-1 at ¶¶ 22–27); Section 760.10(1)(a), Florida Statute (2024) (prohibiting employers from "discharg[ing] . . . or otherwise . . . discriminat[ing] against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color . . . [or] national origin").

Discrimination can be successfully alleged through direct or circumstantial evidence. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). Plaintiff provides neither.

---

[2] The FCRA's "purpose and statutory construction directive are modeled after Title VII of the Civil Rights Act of 1964." *Joshua v. City of Gainesville*, 768 So. 2d 432, 435 (Fla. 2000). Thus, "Florida courts have held that decisions construing Title VII are applicable when considering claims of discrimination under the Florida Civil Rights Act." *Jiles v. United Parcel Serv., Inc.*, 360 F. App'x 61, 63 (11th Cir. 2010) (quotation omitted).

3

A.      **Direct Evidence**.

Direct evidence of discrimination requires "that a biased statement by a decision-maker be made concurrently with the adverse employment event, such that no inference is necessary to conclude that the bias necessarily motivated the decision." *Williamson v. Adventist Health Sys./Sunbelt, Inc.*, 372 F. App'x 936, 940 (11th Cir. 2010).

Plaintiff has not provided direct evidence. Plaintiff has not alleged that Mario was a decision-maker or that he was involved in the decision to suspend or fire Plaintiff. (*See* Doc. 1-1 at ¶¶ 15–16). Nor has Plaintiff shown that Solis or Erick made any biased statements or that their actions were because of Plaintiff's race, national origin, or color. (*See generally* Doc. 1-1 ¶¶ 1–21).

B.      **Circumstantial Evidence**.

To allege discrimination based on circumstantial evidence, the employee must show: "(1) that [the employee] belongs to a protected class, (2) that [the employee] was subjected to an adverse employment action, (3) that [the employee] was qualified to perform the job in question, and (4) that [his] employer treated 'similarly situated' employees outside her class more favorably." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220-21 (11th Cir. 2019). Plaintiff has not adequately alleged the second or fourth elements.

The Complaint alleges two adverse actions: the suspension and the termination. (Doc. 1-1 at ¶¶ 17, 20). Neither are sufficiently pleaded. Plaintiff does not tell the Court whether his suspension was with or without pay. (*See generally* Doc. 1-1);

*Davis v. Legal Servs. Alabama, Inc.*, 19 F.4th 1261, 1267 (11th Cir. 2021) ("[A] simple paid suspension is not an adverse employment action."). And Plaintiff does not allege that the suspension or the termination was a result of discrimination because of his status as a member of a protected class. (*See generally* Doc. 1-1). Indeed, Plaintiff alleges that his termination was "in retaliation to [his] complaints of discriminatory and hostile treatment." (Doc. 1-1 at ¶ 20); *see, e.g., Conner v. City of Naples Airport Auth.*, 2021 U.S. Dist. LEXIS 192172, at *5–6 (M.D. Fla. Oct. 5, 2021) (explaining that the plaintiff's allegation that she was terminated "because she objected to race discrimination" was a retaliation claim rather than a discrimination claim) (internal quotations omitted).

  Next, while Plaintiff does allege that "similarly situated non-Black employees were allowed opportunities not given to Plaintiff due to Plaintiff's race and color," such a conclusory allegation cannot overcome a motion to dismiss. (Doc. 1-1 at ¶ 25); *see Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (affirming the dismissal of plaintiff's discrimination claim where she alleged that "similarly situated employees" not in her protected class were not disciplined for "similar misconduct" but offered no further facts); *Veale v. Fla. Dep't of Health*, No. 2:13-CV-77-FTM-38UAM, 2013 WL 5703577, at *5 (M.D. Fla. July 29, 2013) (finding that a general allegation "that there were other employees that were similarly situated, outside [the plaintiff's] protected class, who received more favorable treatment . . . without any allegations of specific facts to explain how the disparate treatment occurred to even give rise to an inference of discrimination, is

insufficient").

For the foregoing reasons, Plaintiff's discrimination claim cannot survive a motion to dismiss.

## II. The Complaint does not adequately allege hostile work environment under the FCRA.

Plaintiff next alleges that he was subject to a hostile work environment in violation of the FCRA. (Doc. 1-1 at ¶¶ 28–31). To plead this claim, an employee must allege the following:

> (1) that he is a member of a protected class; (2) that he was subjected to unwelcome . . . harassment; (3) that the harassment was based on his [membership in a protected class]; (4) that the harassment was severe or pervasive enough to alter the terms and conditions of his employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for the environment under a theory of either vicarious or direct liability.

*Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248–49 (11th Cir. 2014). Plaintiff has not sufficiently pleaded the third or fourth elements.

Insofar as Plaintiff's hostile work environment claim is based on race, national origin, or color, the claim fails because Plaintiff does not identify statements or actions by Mario, Solis, or Erick that suggest intentional discrimination on those bases. *See* (Doc. 1-1 ¶¶ 12-21); *Uppal*, 2011 WL 2631869, at *4 (holding that the plaintiff "failed to allege sufficient facts suggesting that" her protected status "played any part in the adverse employment actions").

To prove the fourth element, "[t]he employee must subjectively perceive the harassment as sufficiently severe and pervasive as to alter the terms and conditions of employment, and this subjective perception must be objectively reasonable."

6

*Freytes-Torres v. City of Sanford*, 270 F. App'x 885, 889 (11th Cir. 2008) (quoting *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999)).  While Plaintiff does allege that he "was subjected to different terms and conditions of employment because of his" protected status (Doc. 1-1 at ¶ 14), he also alleges that "he was able to perform the essential functions of his job duties . . . and at all relevant times [he] performed his job at satisfactory or above-satisfactory levels."  (Doc. 1-1 at ¶ 21). Thus, Plaintiff has not shown that any alleged harassment was sufficiently severe or pervasive.  *See Banks v. Cypress Chase Condo. Ass'n B, Inc.*, 616 F. Supp. 3d 1316, 1322 (S.D. Fla. 2022) (dismissing plaintiff's hostile work environment claim where there was "no allegation that any of [superior's] conduct interfered with [plaintiff's] job performance").

Based on these allegations, Plaintiff's hostile work environment claim fails to survive a motion to dismiss.

### III.  The Complaint does not adequately allege retaliation under the FCRA.

Last, Plaintiff claims that Defendant retaliated against him with suspension and termination because he "voiced opposition to unlawful employment practices." (Doc. 1-1 at ¶¶ 33–47; Doc. 13 at 4).

To prove retaliation, the employee must allege that there was a "causal relation between" the statutorily protected activity and the adverse action. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).  Again, Plaintiff's suspension cannot be an adverse action because he does not specify whether it was with or without pay.  (*See* Doc. 1-1); *Davis*, 19 F.4th at 1267 ("[A]

7

simple paid suspension is not an adverse employment action."). Thus, the Court is left with the termination. "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct." *Glover v. Donahoe*, 626 F. App'x 926, 931 (11th Cir. 2015). Here, there is no allegation that Erick was aware of Plaintiff's prior complaint or the content of that complaint. *See Duncan v. Alabama*, 734 F. App'x 637, 641 (11th Cir. 2018) (explaining that the employee failed to establish a *prima facie* retaliation claim where "there [was] no evidence in the record that [the decision-maker] was actually aware the internal complaint raised any allegations of race discrimination").

Therefore, Plaintiff's retaliation claim cannot survive a motion to dismiss. Accordingly, the Complaint is dismissed without prejudice, and the Court grants Plaintiff leave to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

As a final note, the Court has substantial doubts that the Plaintiff is able to state a claim upon which relief can be granted. That said, the Court will grant the Plaintiff one opportunity to file an amended complaint. An amended complaint should only be filed after the Plaintiff has carefully evaluated the facts and corresponding state law claims in the milieu of federal court's pleading requirements.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**.

2. The Complaint (Doc. 1-1) is **DISMISSED without prejudice**.

3. Plaintiff shall have leave to file an amended complaint. Should Plaintiff do so, Plaintiff must file such within fourteen (14) days. Failure to do so will result in the closure of this case without further notice.

**ORDERED** in Tampa, Florida, on January 24, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE